IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA M. RIVERA, et al.,<br><br>      Plaintiffs<br><br>      v.<br><br>PUERTO RICO TELEPHONE COMPANY, et al.,<br><br>      Defendants | CIVIL NO. 09-1723 (JP) |

**OPINION AND ORDER**

Before the Court is Defendants' motion to stay the proceedings in this case pending appeal (**No. 15**), Plaintiffs' opposition thereto (No. 18), and Defendants' reply to Plaintiffs' opposition (No. 21). For the reasons stated herein, said motion is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On July, 28 2009, this case was filed by Plaintiffs seeking a judgment declaring that Puerto Rico Law 234 of August 9, 2008 is not preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. In lieu of submitting an answer to the complaint, Defendants filed the instant motion requesting a stay in the proceedings because the specific issue in this case, whether ERISA preempts Law 234, is currently on appeal in the United States Court of Appeals for the First Circuit.

This Court adjudicated said issue in <u>Puerto Rico Telephone Company v. Sistema de Retiro de los Empleados del Gobierno y la</u>

CIVIL NO. 09-1723 (JP)           -2-

Judicatura, No. 28 Civ. 1085 (D.P.R. July 29, 2009) ("PRTC v. Sistema de Retiro").  Defendants in the instant case were the Plaintiffs in PRTC v. Sistema de Retiro.  In PRTC v. Sistema de Retiro, this Court held that ERISA preempts Law 234.  Defendants in that case appealed the Judgment.

In this case, Plaintiffs do not dispute that the specific issue is on appeal.  Instead, they argue that the Court should not stay the proceedings because Defendants have not shown a clear case of hardship and because Plaintiffs will suffer irreparable harm since many of the class members will not be able to retire immediately if the implementation of Law 234 is delayed.

## II.  **LEGAL STANDARD**

Generally, courts have the discretionary power to stay an action in the interest of justice and efficiency.  See Hewlett-Packard Company v. Berg, 61 F.3d 101 (1st Cir. 1995); Taunton Garden Company v. Hills, 557 F.2d 877, 879 (1st Cir. 1979).  However, a court should only grant a stay in rare circumstances.  Landis v. North American Co., 299 U.S. 248 (1936).  The party requesting the stay must show that they will suffer hardship if the stay is not granted. Id. at 255; Austin v. Unarco Indus., Inc., 705 F.2d 1, 5 (1st Cir. 1983) ("to be entitled to a stay, a party must demonstrate a clear case of hardship[]").

In deciding whether to grant a stay which causes a litigant in one case to stand aside while a litigant in another case settles the

CIVIL NO. 09-1723 (JP)            -3-

rule of law that will define the rights of both, the district court is given considerable discretion in weighing the competing interests. Taunton Garden Co., v. Hills, 557 F.2d 877 (1st Cir. 1977). When a court grants a stay, the time period of the stay is reasonable if the period is limited to the termination of a pending appeal. Id. at 879 ("[w]e also think that the duration of the stay is adequately circumscribed by reference to the determination of the appeal presently pending").

### III. **ANALYSIS**

In the instant action, the Court is satisfied that Defendants will suffer hardship if the stay is not granted. The Defendants already completely litigated the issue of whether ERISA preempts Law 234 and succeeded. If the motion to stay is not granted, Defendants will have to spend time, money, and effort re-litigating an issue that could become moot upon resolution of the appeal by the First Circuit.

On the other hand, Plaintiffs will not suffer any hardship if the Court stays the proceedings. Plaintiffs argue they will suffer hardship because many of the class members will not be able to retire immediately if the implementation of Law 234 is delayed. However, staying the instant action will not delay the retirement of the class members. The delay arises from the previous decision of this Court which is currently on appeal. Even if the Court denies the stay,

CIVIL NO. 09-1723 (JP)           -4-

Plaintiffs would be precluded from retiring until the First Circuit renders a decision on the appeal.

Finding that Defendants will suffer hardship if the stay is not granted and that the balance of hardships tilts in favor of granting the stay, the Court hereby **STAYS** the proceedings until the First Circuit decides the <u>PRTC v. Sistema de Retiro</u> case on appeal.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of September, 2009.

                                            s/Jaime Pieras, Jr.
                                              JAIME PIERAS, JR.
                                  U.S. SENIOR DISTRICT JUDGE